IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| HOMERO GOMEZ, | ) | No. C 05-1631 RMW (PR) |
| Plaintiff, | ) ) | ORDER DENYING DEFENDANT'S MOTION TO |
| vs. | ) ) | DISMISS; FURTHER SCHEDULING ORDER |
| LARRY MAUKONEN, | ) ) | |
| Defendant. | ) ) | (Docket No. 14) |

    Plaintiff, a state prisoner proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 alleging inadequate medical care against Pelican Bay State Prison ("PBSP") medical personnel. Plaintiff has been granted leave to proceed in forma pauperis. In its initial review, the court found one of plaintiff's claims cognizable as to defendant Maukonen and dismissed the complaint with leave to amend as to the remaining defendants. On March 27, 2007, plaintiff filed an amended complaint against defendant Maukonen. The court ordered service of the amended complaint. Defendant has filed a motion to dismiss the complaint for plaintiff's failure to exhaust administrative remedies. Plaintiff has filed an opposition the motion to dismiss. Although provided the opportunity to do so, defendant did not file a reply. Based upon the papers submitted, the court DENIES the motion to dismiss.

\\\

\\\

**DISCUSSION**

The Prison Litigation Reform Act of 1995 ("PLRA") amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Although once within the discretion of the district court, exhaustion in prisoner cases covered by § 1997e(a) is now mandatory. Porter v. Nussle, 534 U.S. 516, 524 (2002). All available remedies must now be exhausted; those remedies "need not meet federal standards, nor must they be 'plain, speedy, and effective.'" Id. (citation omitted). Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit. Id.; Booth v. Churner, 532 U.S. 731, 741 (2001). Similarly, exhaustion is a prerequisite to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. Porter, 534 U.S. at 532. The PLRA exhaustion requirement requires "proper exhaustion" of available administrative remedies. Woodford v. Ngo, 126 S. Ct. 2378, 2387 (2006).

The State of California provides its prisoners the right to appeal administratively "any departmental decision, action, condition or policy perceived by those individuals as adversely affecting their welfare." Cal. Code Regs tit. 15, § 3084.1(a). It also provides them the right to file appeals alleging misconduct by correctional staff. Id. § 3084.1(e). In order to exhaust available administrative remedies within this system, a prisoner must proceed through several levels of appeal: (1) informal resolution, (2) formal written appeal on a CDC 602 inmate appeal form, (3) second level appeal to the institution head or designee, and (4) third level appeal to the director of the California Department of Corrections and Rehabilitation. Barry v. Ratelle, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997) (citing Cal. Code Regs. tit 15, § 3084.5). A final decision from the director's level of review satisfies the exhaustion requirement under § 1997e(a). Id. at 1237-38.

Nonexhaustion under § 1997e(a) is an affirmative defense. Jones v. Bock, 127 S. Ct. 910, 922-23 (2007); Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir 2003). It should be treated

as a matter of abatement and brought in an "unenumerated Rule 12(b) motion rather than [in] a motion for summary judgment." Id. (citations omitted). In deciding a motion to dismiss for failure to exhaust administrative remedies under § 1997e(a), the court may look beyond the pleadings and decide disputed issues of fact. Id. at 1119-20. If the court concludes that the prisoner has not exhausted California's prison administrative process, the proper remedy is dismissal without prejudice. Id. Defendants have the burden of raising and proving the absence of exhaustion, and inmates are not required to plead or demonstrate exhaustion specifically in their complaints. Jones, 127 S. Ct. at 921-22. As there can be no absence of exhaustion unless some relief remains available, a movant claiming lack of exhaustion must demonstrate that pertinent relief remained available, whether at unexhausted levels or through awaiting the results of the relief already granted as a result of that process. Brown v. Valoff, 422 F.3d 926, 936-37 (9th Cir. 2005).

      Here, defendant correctly raises nonexhaustion in an unenumerated motion to dismiss. Defendant contends that plaintiff's medical claim should be dismissed because plaintiff did not exhaust his administrative remedies before filing suit. Defendant specifically argues that plaintiff never filed an inmate grievance regarding the medical treatment that he had received at PBSP. However, defendant does not provide any evidence to show that plaintiff did not exhaust his administrative remedies except for the amended complaint. Defendant refers to plaintiff's statement in the amended complaint, where plaintiff explains "the appeal system does not provide for money damages" as to why he did not present his claim for review through the grievance procedure. See Amended Complaint at 2. Therefore, defendant contends that plaintiff failed to exhaust his administrative remedies prior to filing this suit.

      In his opposition, plaintiff replies that he did exhaust all available state remedies by filing a "602" grievance form with the appeals coordinator. In the amended complaint, plaintiff affirmatively responded "Yes" to the question "[I]s the last level to which you appealed the highest level of appeal available to you?" See Amended Complaint at 2. Plaintiff has submitted two copies of "CDC 602" appeal forms, dated in 2003, with his opposition. See Pl.'s Opp., Exhibits A, B. On one of the 602 appeal forms, there is a date stamp of "Rec'd Cal Appeals Jul

17 2003." <u>Id.</u>, Ex. B.  Plaintiff notes that he never received any response to his grievance.  It appears that plaintiff's grievance was screened out by the appeals coordinator.  <u>See id.</u>  Therefore, plaintiff maintains that he substantially complied with the inmate appeals process available to him.

The court notes that several courts have held that substantial compliance with a prison's grievance procedure is sufficient to satisfy the exhaustion requirement.  <u>See</u> <u>Wyatt v. Leonard</u>, 193 F.3d 876, 878 (6th Cir. 1999); <u>Nyhius v. Reno</u>, 204 F.3d 65, 77-78 (3d Cir. 2000) (dicta); <u>Freeman v. Snyder</u>, No. Civ. A. 98-636-GMS, 2001 WL 515258, at *6 (D. Del. April 10, 2001) (holding that prisoner substantially complied with prison grievance procedure, where issue was not grievable and prisoner was told to present his complaints in a letter to a prison official, which he did); <u>cf.</u> <u>Pearson v. Vaughn</u>, 102 F. Supp. 2d 282, 287 (E.D. Penn. 2000) (holding that prisoner exhausted his claim when, after he was told that the issue was not grievable, he raised the issue with his counselor, as instructed).

Additionally, if a prisoner files a grievance and receives no response within the time allotted for a response under the grievance procedure, the exhaustion requirement may be satisfied.  <u>Gregory v. PHS, Inc.</u>, No. Civ. A. 00-467-SLR, 2001 WL 1182779, *2 (D. Del. Sept. 21, 2001) (holding that prisoner satisfied the exhaustion requirement when he filed a grievance and received no response for such a long period of time that "it is safe to assume [it] exceeded the amount of time allowed for prison authorities to respond under said grievance procedure"); <u>cf.</u> <u>Jackson v. District of Columbia</u>, 254 F.3d 262, 269 (D.C. Cir. 2001) (holding that prisoner who never received a response to his first-level grievance failed to satisfy exhaustion requirement because time period for prison response had <u>not</u> expired before he filed suit).

Here, plaintiff contends that his appeal was screened out, he did not receive any response to his inmate "602" appeal form, therefore he substantially complied with all <u>available</u> remedies. The court finds that defendant has not met its initial burden as the moving party by setting forth any evidence to demonstrate plaintiff's non-exhaustion, such as a search of the California Department of Corrections and Rehabilitation's ("CDCR") records for any and all appeals

submitted by plaintiff concerning the claim or party in this underlying action. See Brown, 422 F.3d at 936-37. Nor has defendant replied to plaintiff's argument that he substantially complied with all available remedies. Accordingly, the court DENIES defendant's motion to dismiss (docket no. 14) without prejudice. Defendant may file a renewed motion to dismiss, or a further dispositive motion, as set forth in the scheduling order below.

## CONCLUSION

1.     Defendant's motion to dismiss (docket no. 14) is DENIED without prejudice.

2.     No later than **forty-five (45) days** from the date this order is filed, defendant shall file a renewed motion to dismiss or other dispositive motion, with respect to the amended complaint as set forth above.

    a.     If defendant elects to file a motion to dismiss on the grounds that plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), defendant <u>shall</u> do so in an unenumerated Rule 12(b) motion pursuant to Wyatt v. Terhune, 315 F.3d 1108, 1119-20 (9th Cir. 2003), cert. denied Alameida v. Terhune, 540 U.S. 810 (2003).

    b.     Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. **If defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the court prior to the date the summary judgment motion is due.**

3.     Plaintiff's opposition to the dispositive motion shall be filed with the court and served on defendant no later than **thirty (30) days** from the date defendant's motion is filed.

    a.     In the event defendant files an unenumerated motion to dismiss under Rule 12(b), plaintiff is hereby cautioned as follows:[1]

> The defendants have made a motion to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, on the ground you have not exhausted your administrative remedies. The motion will, if granted, result in the dismissal of your case. When a party you are suing makes a motion to dismiss for failure to

---

[1] The following notice is adapted from the summary judgment notice to be given to pro se prisoners as set forth in Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). See Wyatt v. Terhune, 315 F.3d at 1120 n.14.

exhaust, and that motion is properly supported by declarations (or other sworn testimony) and/or documents, you may not simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or documents, that contradict the facts shown in the defendant's declarations and documents and show that you have in fact exhausted your claims. If you do not submit your own evidence in opposition, the motion to dismiss, if appropriate, may be granted and the case dismissed.

   b. In the event defendant files a motion for summary judgment, the Ninth Circuit has held that the following notice should be given to plaintiffs:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

See Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to defendant's motion for summary judgment may be deemed to be a consent by plaintiff to the granting of the motion, and granting of judgment against plaintiff without a trial. See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); Brydges v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994).

   4. Defendant **shall** file a reply brief no later than **fifteen (15) days** after plaintiff's opposition is filed.

\\\

\\\

1        5.     The motion shall be deemed submitted as of the date the reply brief is due.  No
2 hearing will be held on the motion unless the court so orders at a later date.
3        6.     All communications by the plaintiff with the court must be served on defendant,
4 or defendant's counsel, by mailing a true copy of the document to defendant or defendant's
5 counsel.
6        7.     Discovery may be taken in accordance with the Federal Rules of Civil Procedure.
7 No further court order is required before the parties may conduct discovery.
8        8.     It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court
9 and all parties informed of any change of address and must comply with the court's orders in a
10 timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute
11 pursuant to Federal Rule of Civil Procedure 41(b).

12     IT IS SO ORDERED.
13     DATED: _3/28/08_____

                              RONALD M. WHYTE
14                               United States District Judge