*E-FILED - 8/13/08*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| HOMERO GOMEZ, | No. C 05-1631 RMW (PR) |
| Plaintiff, | **ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |
| v. | |
| LARRY MAUKONEN, et al., | |
| Defendants. | (Docket No. 19) |

## INTRODUCTION

Plaintiff filed this pro se civil rights complaint pursuant to 42 U.S.C. § 1983, alleging that medical staff at Pelican Bay State Prison ("PBSP") were deliberately indifferent to his medical needs in violation of the Eighth Amendment.

Defendants move for summary judgment, alleging that there is no genuine issue of material fact and that they are entitled to judgment as a matter of law.[1]  Defs.' Mot. for Summ. J., P. & A. ("MSJ") at 1.  Plaintiff has filed an opposition.

---

1. Defendants also contend that they are protected by the doctrine of qualified immunity. Defs.' Mot. for Summ. J., P. & A at 8; Reply at 4.  Because the court finds that defendants are entitled to judgment as a matter of law on other grounds, the court need not reach the question of qualified immunity.

Order Granting Defendant's Motion for Summary Judgment
G:\Pro-Se\SJ.RMW\CR.05\Gomez631.msj.grant.md

After a review of the record, the court concludes that plaintiff has not shown evidence that precludes summary judgment. Accordingly, the court GRANTS defendant's motion for summary judgment as to all claims, which, along with the complaint, are hereby DISMISSED.

## BACKGROUND

Plaintiff's claims arise from his receiving an allegedly inappropriate prescription medication – Sinequan – to treat his back pain. In his original complaint, plaintiff alleges that his treating physicians, including the sole remaining defendant Larry Maukonen ("defendant"), a contract neurologist for PBSP, referred plaintiff to a psychiatrist at PBSP, who actually prescribed the medication. In his amended complaint, plaintiff alleges that it was defendant who prescribed the medication. Am. Compl. at 4-5. Plaintiff further asserts that in February 2003, after his transfer to Salinas Valley State Prison, a prison doctor, Andres Jacobo, informed plaintiff that Sinequan was the "wrong medication" to treat his condition. Compl. at 3A; Am. Compl. at 4; Order of Partial Dismissal ("OPD") (Docket No. 10) at 2. Plaintiff alleges that because of this failure to provide adequate health care, he has suffered back and stomach pain, headaches, and sleeplessness. Am. Compl. at 4.

Defendant's version of the facts is as follows. Defendant asserts that he first saw plaintiff in October 1997 in PSBP's neurology clinic. MSJ, Decl. of Larry Maukonen ¶ 4. He diagnosed plaintiff, who had complained of a five-year history of intermittent back and right lateral leg pain, with a possible lateral femoral cutaneous neuropathy and then referred him to physical therapy. Id. Defendant next saw plaintiff in December 1997 at which time plaintiff again complained of back pain and his consequent difficulty in sleeping. Id. ¶ 5. Defendant diagnosed plaintiff with a left sided L5-S1 radiculopathy, a condition in which the nerve roots in certain parts of the back are compressed, causing pain and discomfort. Id. In addition to ordering that plaintiff continue attending physical therapy sessions, defendant prescribed Robaxin, a muscle relaxant used to relieve discomfort associated with musculoskeletal conditions. Id.

According to defendant, plaintiff visited the neurology clinic in January 1998, again stating that he was experiencing back pain and sleeplessness. Id. ¶ 6. After an examination of plaintiff and his MRI scan, defendant prescribed ten-milligram Sinequan pills which plaintiff was to take at bedtime. Defendant asserts that though Sinequan is used to treat depression, it is not an anti-psychotic medication, and it is often prescribed to treat back pain and sleeplessness. Id. ¶ 7. Defendant states that he has "prescribed this medication for at least 50 patients who presented with complaints similar to those related to me by [plaintiff]." Id. Plaintiff returned to the clinic in March 1998, complaining of back pain and an inability to sleep. Id. ¶ 8. In response, defendant raised the dosage of Sinequan to twenty-five-milligram pills and ordered plaintiff to continue to take the Robaxin. Id.

According to defendant, in April 1998, defendant examined plaintiff's new MRI results and determined that plaintiff had rather common degenerative disk disease in his lower back. Id. ¶ 9. Defendant asserts that the condition is not serious and occurs as a natural part of aging. Id. According to defendant, he prescribed Sinequan for plaintiff from January 1998 to June 1998, after which time another physician, Dr. Nguyen, treated plaintiff at PBSP, and this new physician continued to prescribe Sinequan. Id. ¶ 11.

Plaintiff filed the instant federal action in 2005, naming three persons as defendants. After the Court dismissed two defendants, leaving Maukonen as the sole defendant, plaintiff filed an amended complaint, naming Maukonen as defendant, alleging that defendant provided inadequate health care in violation of the Eighth Amendment and asking for compensatory and punitive damages. The Court denied defendants' motion to dismiss. Defendants now move for summary judgment on all claims.

**DISCUSSION**

**I.     Standard of Review**

Summary judgment is proper where the pleadings, discovery and affidavits demonstrate that there is "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(C). Material facts are those

1  which may affect the outcome of the case.  <u>Anderson v. Liberty Lobby, Inc</u>., 477 U.S. 242,
2  248 (1986).  A dispute as to a material fact is genuine if there is sufficient evidence for a
3  reasonable jury to return a verdict for the nonmoving party.  <u>Id.</u>

4        The party moving for summary judgment bears the initial burden of identifying those
5  portions of the pleadings, discovery and affidavits which demonstrate the absence of a
6  genuine issue of material fact.  <u>Celotex Corp. v. Cattrett</u>, 477 U.S. 317, 323 (1986).  Where
7  the moving party will have the burden of proof on an issue at trial, it must affirmatively
8  demonstrate that no reasonable trier of fact could find other than for the moving party.  But
9  on an issue for which the opposing party will have the burden of proof at trial, as is the case
10 here, the moving party need only point out "that there is an absence of evidence to support
11 the nonmoving party's case."  <u>Id.</u> at 325.

12       Once the moving party meets its initial burden, the nonmoving party must go beyond
13 the pleadings and, by its own affidavits or discovery, "set forth specific facts showing that
14 there is a genuine issue for trial."  Fed. R. Civ. P. 56(e).  The court is only concerned with
15 disputes over material facts and "factual disputes that are irrelevant or unnecessary will not
16 be counted."  <u>Anderson v. Liberty Lobby, Inc</u>., 477 U.S. 242, 248 (1986).  It is not the task of
17 the court to scour the record in search of a genuine issue of triable fact.  <u>Keenan v. Allen</u>, 91
18 F.3d 1275, 1279 (9th Cir. 1996).  The nonmoving party has the burden of identifying, with
19 reasonable particularity, the evidence that precludes summary judgment.  <u>Id.</u>  If the
20 nonmoving party fails to make this showing, "the moving party is entitled to judgment as a
21 matter of law."  <u>Celotex Corp v. Catrett</u>, 477 U.S. at 323.

22 **II.   Plaintiff's Claims**

23       Plaintiff's claims are appropriate for summary judgment because the parties do not
24 dispute the material fact that defendant prescribed Sinequan for defendant, and because
25 plaintiff has not shown that a triable issue of fact exists regarding whether prescribing that
26 medication constituted constitutionally adequate medical care.

27       The Constitution does not mandate comfortable prisons, but neither does it permit
28

Order Granting Defendant's Motion for Summary Judgment
G:\Pro-Se\SJ.RMW\CR.05\Gomez631.msj.grant.md      4

1  inhumane ones. See Farmer v. Brennan, 511 U.S. 825, 832 (1994).  The treatment a prisoner
2  receives in prison and the conditions under which he is confined are subject to scrutiny under
3  the Eighth Amendment. See Helling v. McKinney, 509 U.S. 25, 31 (1993).  In its prohibition
4  of "cruel and unusual punishment," the Eighth Amendment places restraints on prison
5  officials, who may not, for example, use excessive force against prisoners.  See Hudson v.
6  McMillian, 503 U.S. 1, 6-7 (1992).  The Amendment also imposes duties on these officials,
7  who must provide all prisoners with the basic necessities of life such as food, clothing,
8  shelter, sanitation, medical care and personal safety. See Farmer, 511 U.S. at 832; DeShaney
9  v. Winnebago County Dep't of Social Servs., 489 U.S. 189, 199-200 (1989); Hoptowit v.
10 Ray, 682 F.2d 1237, 1246 (9th Cir. 1982).  A prison official violates the Eighth Amendment
11 when two requirements are met:  (1) the deprivation alleged must be, objectively, sufficiently
12 serious, see Farmer, 511 U.S. at 834 (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)), and
13 (2) the prison official possesses a sufficiently culpable state of mind, i.e., the offending
14 conduct was wanton, id. (citing Wilson, 501 U.S. at 297).

15        In determining whether a deprivation of a basic necessity is sufficiently serious to
16 satisfy the objective first component of an Eighth Amendment claim, a court must consider
17 the circumstances, nature, and duration of the deprivation.  The more basic the need, the
18 shorter the time it may be withheld.  See Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir.
19 2000).  Substantial deprivations of shelter, food, drinking water or sanitation for four days,
20 for example, are sufficiently serious to satisfy the objective component of an Eighth
21 Amendment claim. See id. at 732-733.  A "serious" medical need exists if the failure to treat
22 a prisoner's condition could result in further significant injury or the "unnecessary and
23 wanton infliction of pain." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992) (citing
24 Estelle v. Gamble, 429 U.S. 97, 104 (1976)).

25        What is required to establish the second element of an unnecessary and wanton
26 infliction of pain varies according to the nature of the alleged constitutional violation.
27 Whitley v. Albers, 475 U.S. 312, 320 (1986).   In cases concerning conditions of
28

Order Granting Defendant's Motion for Summary Judgment
G:\Pro-Se\SJ.RMW\CR.05\Gomez631.msj.grant.md          5

1  confinement, such as this one, the necessary state of mind is one of "deliberate indifference."
2  See, e.g., Farmer, 511 U.S. at 834 (inmate safety); Helling, 509 U.S. at 32-33 (inmate health);
3  Wilson, 501 U.S. at 302-03 (general conditions of confinement); Estelle, 429 U.S. at 104
4  (inmate health).  Neither negligence nor gross negligence will constitute deliberate
5  indifference.  See Farmer, 511 U.S. at 835-36 & n.4; see also Estelle, 429 U.S. at 106
6  (establishing that deliberate indifference requires more than negligence).  A prison official
7  cannot be held liable under the Eighth Amendment for denying an inmate humane conditions
8  of confinement unless the standard for criminal recklessness is met, i.e., the official knows of
9  and disregards an excessive risk to inmate health or safety.  See Farmer, 511 U.S. at 837.
10 The official must both be aware of facts from which the inference could be drawn that a
11 substantial risk of serious harm exists, and he must also draw the inference.  See id.  An
12 Eighth Amendment claimant need not show, however, that a prison official acted or failed to
13 act believing that harm actually would befall an inmate; it is enough that the official acted or
14 failed to act despite his knowledge of a substantial risk of serious harm.  See id. at 842; see
15 also Robins v. Meecham, 60 F.3d 1436, 1439-40 (9th Cir. 1995)

16    "A difference of opinion between a prisoner-patient and prison medical authorities
17 regarding treatment does not give rise to a § 1983 claim."  Franklin v. Oregon, 662 F.2d
18 1337, 1344 (9th Cir. 1981).  Similarly, a showing of nothing more than a difference of
19 medical opinion, even between two doctors, such as to the need to pursue one course of
20 treatment over another is insufficient, as a matter of law, to establish deliberate indifference.
21 See Toguchi v. Chung, 391 F.3d 1051, 1058, 1059-60 (9th Cir. 2004).  In order to prevail on
22 a claim involving choices between alternative courses of treatment, a plaintiff must show that
23 the course of treatment the doctors chose was medically unacceptable under the
24 circumstances and that he or she chose this course in conscious disregard of an excessive risk
25 to plaintiff's health.  Id. at 1058.

26    Turning to the instant case and leaving aside whether plaintiff has established a triable
27 issue of fact regarding the objective Farmer element, viz., that the alleged deprivation was
28

Order Granting Defendant's Motion for Summary Judgment
G:\Pro-Se\SJ.RMW\CR.05\Gomez631.msj.grant.md         6

sufficiently serious, the court concludes that plaintiff has not shown that a triable issue of fact exists whether defendant acted with deliberate indifference. Plaintiff offers only the fact that one physician told him that Sinequan is the "wrong medication," an antidepressant, and because of that, defendant's prescribing the medication to treat back pain and sleeplessness constituted deliberate indifference to his medical needs. This is insufficient to establish defendant's subjective state of mind when he prescribed the medication. Defendant has submitted evidence that Sinequan is an appropriate medication for the treatment of back pain and sleeplessness. Because defendant asserts that he acted on this knowledge, and because plaintiff offers no evidence to counter this assertion, there is no evidence that he knew of and disregarded an excessive risk to the inmate's health or safety. Also, as stated above in Franklin and Toguchi, a disagreement regarding medical care between one prison doctor and another (here, defendant Maukonen and Dr. Jacobo) does not, without more, present a constitutional violation remediable under section 1983. On this record, the court finds that plaintiff has not met his burden to show that defendant acted with deliberate indifference. Accordingly, plaintiff's Eighth Amendment claims are DISMISSED.

## CONCLUSION

The court concludes that defendants are entitled to judgment as a matter of law as to all claims. Accordingly, defendants' motion for summary judgment (Docket no. 19) is GRANTED. All claims and the complaint are hereby DISMISSED.

The clerk shall terminate all pending motions, enter judgment, and close the file.

**IT IS SO ORDERED.**

DATED:   8/12/08

RONALD M. WHYTE
United States District Judge